**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISON**

| | |
|---|---|
| | ) |
| FADEELAH KEYES | ) |
| 505 Catalpa Lane | ) |
| Edgewood, MD 21040 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOUSING AUTHORITY OF | ) |
| BALTIMORE CITY | ) |
| | ) |
| 417 E. Fayette Street | ) |
| Baltimore, MD 21202 | ) |
| | ) |
| Service to: | ) |
| Jan Goslee | ) |
| Suite 1210 | |
| 417 E. Fayette Street | ) |
| Baltimore, MD 21202          ) | |
| | ) |
| Defendant. | ) |
| | ) |

<u>COMPLAINT</u>

Fadeelah Keyes (hereinafter "Plaintiff"), by and through her undersigned counsel,

files this Complaint and avers as follows:

<u>NATURE OF THE ACTION</u>

This is an employment civil rights case involving deprivations of rights made

actionable pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000 *et seq.* and discharged in retaliation for engaging in protected activities in violation

of Title VII.

## JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the State of Maryland and the United States District Court for the District of Maryland maintains jurisdiction because defendant does business within the jurisdiction of this Court.

## PARTIES

2. Plaintiff is an African American woman who has been aggrieved by the Defendant's unlawful employment practices.

3. At all relevant times, Defendant Housing Authority of Baltimore City has continuously been a Maryland corporation doing business in the state of Maryland and the city of Baltimore, and has had at least 15 employees.

## STATEMENT OF THE CLAIMS

4. Plaintiff began her employment career with Defendant Housing Authority of Baltimore City as a contractual employee on May 30, 2016. Plaintiff eventually became employed and in 2017 received a salary of $83,000.

5. Plaintiff's title was Asset Manager. Consistently, Plaintiff would encounter mistreatment at the workplace from her fellow colleagues and supervisor.

6. Plaintiff was consistently subjected to condescending and abusive language and behavior directed at her by numerous colleagues and her supervisor.

7. Plaintiff was disparately treated from her fellow male colleagues with regard to "out of title pay". When Plaintiff inquired why she was treated differently from her male counterparts, she was retaliated against and subsequently terminated.

8. Plaintiff's was initially put on administrative leave on January 28, 2019.

9. Defendant then fraudulently stated that the Plaintiff resigned when in actually was terminated.

10. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and gender.

11. As a direct and proximate cause of these violations of her rights under Title VII, Plaintiff has suffered damages, without limitation, medical and wage earnings. In addition, she has suffered humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression and inconvenience.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

COUNT I
RACE DISCRIMINATION

14. Paragraphs 1 through 13 are hereby incorporated by reference into this count.

15. Defendant has repeatedly engaged in unfair employment practices based upon race. Plaintiff has consistently been treated unfairly compared to her

colleagues in terms of requested leave, assignment and treatment by her supervisor.

16. As a result of this disparate treatment, the plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

COUNT II
RETALIATION

17. Paragraphs 1 through 16 are hereby incorporated by reference into this count.

18. After Plaintiff had made and filed complaints and grievances with her supervisor and the Human Resources regarding being treated unfairly due to her race and gender, Plaintiff was been subjected to retaliation from colleagues and from her supervisor. Plaintiff inquired with regard to the pay disparity between herself and her male colleagues. After such an inquiry, Plaintiff was terminated.

19. As a result of this retaliation, Plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

COUNT III
INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS

20. Paragraphs 1 through 19 are hereby incorporated by reference into this count.

21. Plaintiff alleges intentional infliction of emotional distress as a theory of recovery based upon the discrimination and retaliation claims.

22. Plaintiff had endured repeated acts of intentional and extreme and outrageous behavior at the hands of Defendant. Such acts included, but are not limited to:

1) disciplinary actions based upon false allegations,

2) verbal abuse from colleagues and supervisors, and

3) the constant (and realized) threat of termination for unfounded claims.

23. As a result of the intentional infliction of emotional distress, Plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

COUNT IV
VIOLATION OF 42 U.S.C. SECTION 1981 – HOSTILE WORK
ENVIRONMENT

24. Plaintiff fully incorporates paragraphs 1 – 23 as set forth above.

25. Defendant, through its agents or supervisors, unlawfully discriminated against Plaintiff in her employment because of her race and gender, without cause or justification, in violation of 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended.

26. As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant, Plaintiff has suffered, and continues to suffer severe pain and suffering and extreme mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

27. Plaintiff is informed and believes that the outrageous conduct of Defendant described above was done with malice and with the conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

COUNT V
GENDER DISCRIMINATION

28. Plaintiff fully incorporates paragraphs 1 – 27 as set forth above.

29. Defendant, through its agents or supervisors, unlawfully discriminated against Plaintiff in her employment because of her race and gender, without cause or justification, in violation of 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended.

30. As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant, Plaintiff has suffered, and continues to suffer severe pain and suffering and extreme mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

31. Plaintiff is informed and believes that the outrageous conduct of Defendant described above was done with malice and with the conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. To award her all the back, front and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

B. To award her compensatory damages:

C. To award her punitive damages;

D. To award reasonable attorney fees in this action; and

E. To award her such other and further relief as this Court deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all question of fact raised by this Complaint.

Respectfully Submitted.

_____/s/_____
Karl-Henri Gauvin (Bar No. 16926)
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21202
410.695.3537 (phone)