**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 SEP 16 PM 8: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

September 16, 2019

MEMORANDUM TO COUNSEL

    Re:    *Keyes v. Housing Authority of Baltimore City*
             Civil Action No. ELH-19-0913

Dear Counsel:

    As you know, in this employment case, plaintiff Fadeelah Keyes filed suit on March 27, 2019, against defendant Housing Authority of Baltimore City, alleging race and gender discrimination, as well as retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.* ECF 1 ("Complaint").[1] Thereafter, on April 29, 2019, plaintiff filed an Amended Complaint. ECF 6 ("Amended Complaint"). The summons was issued on April 30, 2019. ECF 7.

    Fed. R. Civ. P. 4(m) requires a plaintiff to serve defendants "within 90 days after the complaint is filed." If any defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "In general, filing an amended complaint does not reset the Rule 4(m) service period except as to those defendants newly listed in the amended complaint." *United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, CCB-12-1824, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017). Pursuant to Fed. R. Civ. P. 4(m), plaintiff was required to serve defendant by June 25, 2019.

    Plaintiff has submitted no evidence that defendant has been served. *See* Docket. Nor has defendant responded to the suit. Therefore, on August 19, 2019, plaintiff was directed to effect service of process upon defendant by September 9, 2019, or, alternatively, to show cause by that date as to why the claims against defendant should not be dismissed, without prejudice, under Fed. R. Civ. P. 4(m) and Local Rule 103.8, for failure to effect service of process. ECF 10.

    Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed" if a plaintiff "has not effected service of process within 90 days" of filing the suit. The same Local Rule states that "the claim shall be dismissed

---

[1] On March 28, 2019, the Clerk notified Keyes that her Complaint was filed incorrectly. ECF 2.

The case was initially assigned to Magistrate Judge A. David Copperthite. On May 21, 2019, pursuant to 28 U.S.C. § 636(c), plaintiff elected to have it reassigned to a United States District Judge. ECF 8. The case was reassigned to me on May 21, 2019. *See* Docket.

without prejudice" if the plaintiff fails to show cause within "within fourteen (14) days of the entry of the order or such other time as may be set by the Court." Local Rule 103.8.

The docket reflects no activity since the entry of the Court's order of August 19, 2019. *See* Docket. Accordingly, plaintiff is directed to effect service of process upon defendant by October 4, 2019, or, alternatively, to show cause by that date as to why the claims against defendant should not be dismissed, without prejudice, under Fed. R. Civ. P. 4(m) and Local Rule 103.8, for failure to effect service of process.

Plaintiff is advised that failure to comply with this Order will result in dismissal of the case, *without prejudice*.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge